IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION NO: |
| | )06-CV-673-TCK-FHM |
| 1.   THE STATE OF OKLAHOMA; | ) |
| 2.   THE HONORABLE BRAD HENRY, | ) |
|      Governor of the State of Oklahoma, | ) |
|      in his official capacity only; | ) |
| 3.   THE OKLAHOMA OFFICE OF | ) |
|          JUVENILE AFFAIRS; | ) |
| 4.   ROBERT E. CHRISTIAN, Executive Director | ) |
|          of the Oklahoma Office of | ) |
|          Juvenile Affairs, in his official | ) |
|          capacity only; | ) |
| 5.   THE OKLAHOMA BOARD OF JUVENILE AFFAIRS; | ) |
| 6.   LONELIA L. SIMMONS, Chairperson of the | ) |
|          Oklahoma Board of | ) |
|          Juvenile Affairs, in her | ) |
|          official capacity only; and | ) |
| 7.   JIMMY MARTIN, Superintendent of | ) |
|          the L.E. Rader Center, | ) |
|          in his official capacity only, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1.   The Attorney General files this Complaint on behalf of the United States, pursuant to the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, to enjoin the named Defendants from depriving

youths confined in Oklahoma's L.E. Rader Center in Sand Springs, Oklahoma ("Rader") of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

### Jurisdiction, Standing, and Venue

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345.

3.   The United States is authorized to initiate this action pursuant to 42 U.S.C. § 14141.

4.   Venue in the United States District Court for the Northern District of Oklahoma is proper pursuant to 28 U.S.C. § 1391.

### Defendants

5.   Defendant State of Oklahoma ("State") is responsible for the administration of juvenile justice in the State and operates, or contracts for the operation of, all secure juvenile justice facilities in the State.  This action concerns the administration of Rader, which houses youth in State custody who are confined for periods of time established by the juvenile and district courts.

6.   Defendant Brad Henry is the Governor of the State of Oklahoma, and, in that capacity, has responsibility for the operation of Rader.

7.   Defendant Oklahoma Office of Juvenile Affairs ("OJA") establishes the general policy to be followed by its juvenile institutions and contractors; provides leadership in developing

programs to rehabilitate youth committed to State custody; and is responsible for the promulgation of all rules and regulations necessary and appropriate to the administration and operation of Rader.

8.    Defendant Robert E. Christian is the Executive Director of OJA, which has responsibility for overseeing the operation of Rader.

9.    Defendant Oklahoma Board of Juvenile Affairs acts as the governing board for OJA to implement and direct the mandates of the Oklahoma Legislature with respect to the custody, care, and supervision of juveniles adjudicated to be delinquent or in need of supervision.

10.    Defendant Lonelia L. Simmons is the Chairperson of the Oklahoma Board of Juvenile Affairs, which has responsibility for overseeing the operation of Rader.

11.    Defendant Jimmy Martin is the Superintendent of Rader and is responsible for the administration and day-to-day operations of Rader.

12.    The individual Defendants named in paragraphs 6, 8, 10, and 11 above are officers of the State of Oklahoma and are sued in their official capacity only.

### Factual Allegations

13.    Defendants are legally responsible, in whole or in part, for the operation of Rader and for the health and safety of the youths confined at Rader.

14. Defendants are governmental authorities with responsibility for the administration of juvenile justice or the incarceration of juveniles within the meaning of 42 U.S.C. § 14141.

15. Defendants are obligated to operate Rader in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of individuals confined at Rader.

16. At all relevant times, Defendants have acted or failed to act, as alleged herein, under color of state law.

17. Defendants have engaged, and continue to engage, in a pattern or practice of failing to ensure that youth at Rader are adequately protected from harm and from undue risk of harm in the following specific respects, among others:

> a. protection from staff abuse;
>
> b. protection from abuse by other youths at Rader;
>
> c. protection from harm and serious risk of harm caused by sexually inappropriate conduct and sexually inappropriate relationships between staff and youth and among youth at Rader;
>
> d. protection from self-injurious behavior; and
>
> e. protection from harm and serious risk of harm caused by inadequate management of psychotropic medications at Rader.

18.   Defendants have engaged, and continue to engage, in a pattern or practice of failing to provide adequate mental health care and services to youth at Rader in the following specific respects, among others:

    a.   the provision of adequate screening and assessments;

    b.   the provision of adequate treatment planning;

    c.   the provision of adequate psychiatric services;

    d.   the provision of adequate psychological services; and

    e.   the provision of adequate transition planning.

### Violations Alleged

19.   The United States incorporates by reference the allegations set forth in Paragraphs 1 through 18 as fully set forth herein.

20.   The acts and omissions alleged in paragraphs 17 and 18 constitute a pattern or practice of conduct that violates the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of youths confined at Rader.

21.   Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in paragraphs 17 and 18 that deprive youths confined at Rader of rights, privileges, or immunities secured or protected by the

Constitution of the United States and federal law, and will cause irreparable harm to these youths.

**PRAYER FOR RELIEF**

22.  The Attorney General is authorized, pursuant to 42 U.S.C. § 14141, to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

a.  Declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 17 and 18 above constitute a pattern or practice of conduct that deprives Rader's youths of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States;

b.  Permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 17 and 18 above, and requiring Defendants to take such actions as will ensure that lawful conditions of confinement are afforded to youths at Rader; and

c.  Granting such other and further equitable relief as the Court may deem just and proper.

Respectfully submitted,

DAVID E. O'MEILIA                      s/ Wan J. Kim
United States Attorney                 WAN J. KIM
Northern District                      Assistant Attorney General
of Oklahoma                            Civil Rights Division
Attorney for Plaintiff                 Attorney for Plaintiff
                                       *(Signed by Filing Attorney with*
                                       *permission of Wan J. Kim)*


s/ Wyn Dee Baker                       s/ Shanetta Y. Cutlar
WYN DEE BAKER, OBA No. 465             SHANETTA Y. CUTLAR
Assistant United States                Chief
     Attorney                          Special Litigation Section
Attorney for Plaintiff                 Attorney for Plaintiff
United States                          *(Signed by Filing Attorney with*
Attorney's Office                      *permission of Shanetta Y. Cutlar)*
Northern District of Oklahoma
110 West 7th Street
Suite 300                              s/ Judy C. Preston
Tulsa, Oklahoma  74119                 JUDY C. PRESTON
(918) 382-2700                         Deputy Chief
*(Signed by Filing Attorney*           Special Litigation Section
*with permission of*                   Attorney for Plaintiff
*Wyn Dee Baker)*                       *(Signed by Filing Attorney with*
                                       *permission of Judy C. Preston)*


                                       s/ Laura L. Coon
                                       LAURA L. COON
                                       FORTUNE A. GLASSE
                                       JE YON JUNG
                                       Trial Attorneys
                                       Attorneys for Plaintiff
                                       U.S. Department of Justice
                                       Civil Rights Division
                                       Special Litigation Section
                                       950 Pennsylvania Avenue, N.W.
                                       Washington, D.C.  20530
                                       (202) 514-6255


- 7 -