IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>THE STATE OF OKLAHOMA; THE HONORABLE BRAD HENRY, Governor of the State of Oklahoma, in his official capacity only; THE OKLAHOMA OFFICE OF JUVENILE AFFAIRS; ROBERT E. CHRISTIAN, Executive Director of the Oklahoma Office of Juvenile Affairs, in his official capacity only; THE OKLAHOMA BOARD OF JUVENILE AFFAIRS; LONELLIA L. SIMMONS, Chairperson of the Oklahoma Board of Juvenile Affairs, in her official capacity only; and JIMMY MARTIN, Superintendent of the L.E. Rader Center, in his official capacity only,<br><br>                  Defendants. | Case No. 06-CV-673-GKF-FHM |

## **ORDER**

Defendants' Motion for Protective Order [Dkt. 44] and Amended Motion[1] for Protective Order [Dkt. 45] are before the undersigned United States Magistrate Judge for decision. In addition, to raising questions about the wording of a joint protective order, the briefing addresses the confidentiality marking to be placed on documents. The Motions [Dkt. 44, 45] are GRANTED in PART and DENIED in PART.

### **Protective Order Wording [Dkt. 44]**

The parties have agreed on most aspects of the wording of a joint protective order. However, the United States wants to include the following provision:

---

[1] Defendant's "Amended Motion" is actually a new motion as it raises entirely different issues.

> Nothing in this Joint Protective Order should be construed to limit disclosure of protected information to any law enforcement agency or peace officer to be used in the interests of justice, for official governmental purposes, and for derivative use in investigations beyond this case.

[Dkt. 51, p. 3]. Oklahoma objects to this provision, arguing that it would provide an unfettered opportunity for counsel to make decisions concerning the disclosure of private information without any safeguards.

Oklahoma proposes the following language:

> In the event that either party determines that the disclosure of protected information to a law enforcement agency or other governmental entity is required, and cannot obtain consent from the other party, the party seeking disclosure is entitled to seek the Court's permission to disclose the information for that purpose. Upon proper showing, the Court shall authorize such limited disclosure.

[Dkt. 51, p. 3]. The USA argues this procedure is unduly cumbersome and that prosecution of a crime should not be delayed while the Court decides whether a "proper showing" has been made. The USA states it is "most concerned with reporting serious criminal incidents such as staff physical abuse of youths at Rader and sexual misconduct involving staff and youths." [Dkt. 51, p. 5].

The USA's proposal to permit disclosure of confidential documents "to be used in the interests of justice" is rejected as so broadly worded that virtually limitless disclosure is permitted. Furthermore, the documents at issue were produced for use in this civil litigation. They are historical records, and no argument has been made that the documents disclose an emergent situation, or ongoing criminal conduct. The protective order does not prevent law enforcement from obtaining access to the documents from sources not subject to the Protective Order in ths case in the usual

2

course of investigation. Moreover, the Court has no evidence before it that Oklahoma has failed to properly fulfill its law enforcement obligations. In view of these factors, the undersigned finds that requiring the United States to seek Defendants' consent or to apply for court approval of disclosure of confidential materials would not conflict with its duty to promptly report evidence of a potential crime to the appropriate law enforcement officials. Therefore, the Protective Order will contain the following language:

> Should any party desire to disclose confidential information to agencies, entities or persons not listed herein, and be unable to obtain consent of the other parties, the party seeking disclosure may proceed by motion to obtain a Court Order for such disclosure. The motion should advise whether expedited treatment of the request to disclose confidential information is required.

The United States also seeks to include a provision whereby personal identifier information of current or former employees and residents of the Rader Center need not be treated as confidential if appropriate consent is obtained from the subject, or his/her parent or guardian. The United States asserts that it seeks to permit waiver of confidential treatment of identifying information of consenting individuals, not waiver of the confidentiality of any document produced by Oklahoma. Oklahoma has no specific objection, as long as the documents retain confidential treatment. The undersigned rejects Oklahoma's suggestion that the Protective Order should contain a requirement that consent be obtained from counsel if the subject is represented. The undersigned presumes that all parties will adhere to their ethical obligations concerning contact with represented parties and need not burden the Protective Order with such a requirement.

**Marking of Confidential Documents [Dkt. 45]**

At an expedited telephone hearing held on April 13, 2007, the undersigned resolved the parties' dispute about the manner in which confidential documents are to be marked. Attorney Mann was instructed to prepare a proposed order for the court's signature. [Dkt. 50]. The proposed order was submitted on May 2, 2007, as an attachment to one of Defendants' briefs. [Dkt. 61-2]. The proposed order indicates that the confidential designation shall include the case number CIV 06-579, which is not the number for this case. *Id.* at p. 2. According to the parties, a confidential designation with the wrong case number, CIV 06-579, has been placed on some number of documents produced by Oklahoma. That fact has been noted in the Protective Order issued this date. The parties have not demonstrated a need for either party to expend the funds to correct the use of the wrong case number. Therefore, to the extent Defendant's Amended Motion for Protective Order [Dkt. 45] seeks an order requiring the confidential designation be corrected, the motion is denied.

The undersigned is issuing a Protective Order herewith which addresses the confidential designation of documents as well as the protections afforded those documents. Oklahoma has not demonstrated that the issuance of one order addressing both issues is inappropriate.

**CONCLUSION**

Defendants' Motion for Protective Order [Dkt. 44] and Amended Motion for Protective Order [Dkt. 45] are GRANTED in PART and DENIED in PART, as provided herein. A Protective Order is being issued herewith.

SO ORDERED this 1st day of June, 2007.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE